OPINION
By GEIGER, PJ.
This matter is before this Court on appeal on questions of law from the judgment of the court below instructing a verdict in favor of the defendant after the introduction of all the evidence offered by the parties.
It is asserted in the amended petition that the defendant, operated various street car lines in the City of Dayton; that there was at the corner of Fifth and Jefferson Streets in said city a curve in the track from Fifth Street into Jefferson Street; that on a stated day the plaintiff was walking southwardly with the green light on the west side of Jefferson Street across Fifth Street in the pedestrian lane over the double tracks of the defendant on Fifth Street; that when plaintiff had crossed the tracks, she found the pedestrian lane blocked by east bound automobiles standing in said pedestrian lane. She remained standing in said lane, her back toward the^ street car tracks, about two feet’ *133 south of the southern-most rail of the defendant’s tracks, .being unable to proceed because of the automobiles blocking her passage. It is averred that her position was seen by the motorman of the defendant company in charge of a ear which was then standing at the southwest corner of Fifth and Jefferson Streets. The City maintained traffic lights at said corner with the usual signals for stopping and proceeding. While 'plaintiff stood in the position aforeisaid, and before the traffic light /.signaled green for east bound traffic, it is alleged that the motorman operated his car forward, in violation of the ordinance, and without the knowledge of the plaintiff turned the car left to go north on Jefferson Street. Plaintiff was struck while the car was making said left curve by the overhang, which extends some distance beyond the rails of the car track. By reason of the action of the motorman plaintiff was injured. It is further alleged that the motorman saw the position of the plaintiff and the automobiles and should have known that in making said left curve his car would strike plaintiff; that he failed to signal his intention of making such left curve. Plaintiff suffered the injuries of which she complains.
To this an answer is filed admitting certain formal matters, but denying all allegations of negligence on the part of the defendant and further that even if plaintiff was struck as alleged, her injuries were directly caused by the negligence of the plaintiff in placing herself in a position of danger from the overhang of said street car and in failing to keep a lookout for the rear end of said street car, although she knew, or in the exercise of ordinary care, should have known that said rear would overhang and swing out as the car made the turn.
The cause was submitted to a. jury which returned a general form of verdict in favor of the defendant signed by all the jurors. A motion was made to set aside the verdict for the reason, among other things, that the court erred in directing the jury to render a verdict for the defendant. The motion was overruled and it was ordered the amended petition be dismissed and judgment be rendered in favor of the defendant. Notice of appeal was given and the case lodged in this Court.
The plaintiff-appellant asserts-as assignments of error (1) That the Court erred in directing a verdict (2) In overruling the motion for new trial.
The defendant moved the Court, at the close of all the evidence to direct a verdict for the defendant and the plaintiff, at the close of all the evidence and following the defendant’s motion, moved that the court instruct the jury to return a verdict for the plaintiff.
There was considerable colloquy between the Court and counsel as to the effect of simultaneous motions of each side for directed verdict. However the Court appears to have taken the position that it was his duty to consider the evi^ dence as given and instruct the jury to bring in the verdict for the-defendant rather than assuming the responsibility of determining the cause as having been finally submitted to the Court without-the intervention of the jury by reason of each side making the-motions. The Court went to considerable extent in discussing the-evidence, which appears on Page-173, et seq. and need not here be elaborated upon except to state that the Court announced the fact that there was no evidence of the operating of the car against the red light. The Court states that, in *134 his judgment, the law is to the effect that a person is bound to know that there is an overhang to a street car going around a curve and if persons put themselves in position where they would be struck by such overhang, they are guilty of negligence. The court recites the facts as having been disclosed by the evidence to the effect that the plaintiff started across Fifth Street immediately upon the change of the lights so that she had the full length of the green light to cross said street. She arrived at a point in front of the street car and then because of automobiles upon the cross walk she did not care to attempt to cross in front of them, although she might have done this. She was bound to know that the street car had an overhang as it made the turn at the corner. The court finds that plaintiff was standing with her back toward the car, but that she had the opportunity to reach a point in the safety zone if she did not care to cross in front of the obstructing automobiles. The Court discussed the doctrine of the last clear chance and announced his conclusion that the facts did not support the allegation of the petition on the question of the last clear chance, chiefly on account of the failure to prove that the motorman actually saw her standing in a position of danger.
T’he Court on Page 175, et seq. comments in detail upon the various cases cited to support the doctrine of the last clear chance and thereupon sustains the ■ motion of the defendant for an instructed verdict. Thereupon the jury was instructed and signed an unanimous verdict in favor of the defendant. We do not consider that the doctrine of last clear chance is involved.
It is urged by defendant that when the plaintiff assumed her position at a spot where the overhang might strike her, she was guilty of contributory negligence and could not recover even though the defendant may have been guilty in starting the car around the curve against the red light and while the green light was still in favor of the plaintiff. The plaintiff was compelled to stop her passage across the street owing to the automobiles that impeded her progress. Of course she should have realized that her position was one of peril, but her action under the conditions does not determine that she was guilty of contributory negligence. That was a question for the jury. The rule is stated in Hamden Lodge v Gas Company, 127 Oh St, 469, syllabi 3 and 4,
“3. Upon motion to direct a verdict the party against whom the motion is made is entitled to have the evidence construed most strongly in his favor. But if upon any essential issue, after giving the evidence such favorable construction, reasonable minds can come to but one conclusion and that conclusion is adverse to such party the judge should direct a verdict against him.
“4. Where from the evidence reasonable minds may reach different conclusions upon any question of fact, such question of fact is for the jury 4 *.”
We feel that under all the facts disclosed by the evidence reasonable minds may have reached different conclusions, both as to the alleged contributory negligence as well as the allegations of negligence in the operation of the car and the failure to give warning.
While the Court should not hesitate to direct a verdict where the facts warrant the same, we feel that there is danger in courts as *135 suming the function of the jury in instructing a verdict at the conclusion of the evidence.
Judgment reversed. Cause remanded.
BARNES & HORNBECK, JJ., concur.